SCHOEPF et al. v. BENDER.

(Supreme Court, Appellate Division, Second Department. November 17, 1911.)

1. SALES (§ 442*)—BREACH OF WARRANTY—DAMAGES.
   The measure of damages for breach of warranty of horses sold is the difference between the actual value of the horses and their value if they had been as warranted.

   [Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1284–1301; Dec. Dig. § 442.*]

2. SALES (§ 391*)—ELEMENTS—KNOWLEDGE.
   In an action to recover the consideration of a contract induced by fraud and to rescind, knowledge of the fraud by the seller must be shown.

   [Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1110–1127; Dec. Dig. § 391.*]

Appeal from Municipal Court, Borough of Brooklyn, Seventh District.

Action by William Schoepf and others against Simon Bender. From a judgment for plaintiffs, defendant appeals. Reversed, and new trial ordered.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and WOODWARD, JJ.

Ira L. Rosenson, for appellant.

Simon & Weinstein, for respondents.

CARR, J. The plaintiffs have recovered judgment against the defendant in the Municipal Court in the Borough of Brooklyn in the sum of $400 and costs, and the defendant appeals therefrom. The judgment should not stand. In the court below, the pleadings were oral, but the plaintiffs filed and served a written bill of particulars. The cause of action specified therein was that the plaintiffs had bought two horses from the defendant at the price of $400, which horses were to be delivered by the defendant, and that the defendant fraudulently substituted two other horses and delivered them to the plaintiffs, and that, on the discovery of the fraud, the plaintiffs rescinded the contract of sale and demanded back the purchase price, which the defendant refused. There was no proof whatever received at the trial to sustain the specification of the bill of particulars. At most, the plaintiffs' proofs showed that the defendant tendered for delivery two horses other than those previously selected by the plaintiffs, but that they knew the horses so tendered were not those that they had selected, and they finally accepted them, relying upon the representations and oral warranty of the defendant that the horses so tendered and accepted were sound. At the trial much stress was laid upon the giving of an oral warranty and a breach thereof.

[1] Assuming a warranty and a breach, the judgment cannot stand, for the measure of damages applied was improper, for the plaintiffs got judgment for the full purchase price instead of the difference between the actual value of the horses and the value which they should have been worth if as warranted.

[2] At the trial and on this appeal, the case seems to have assumed the shape of an action to recover the consideration of a contract induced by fraud and rescinded on the discovery of the fraud. But on that theory the judgment should not stand, as there was no proof whatever of scienter on the part of the defendant.

The judgment should be reversed, and a new trial ordered; costs to abide the event. All concur.